UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

SAKILIBA MINES, M.D.,
*Defendant-Appellant.*

No. 02-4240

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

CHARLES E. MINES, JR.,
*Defendant-Appellant.*

No. 02-4242

Appeals from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CR-01-172-AW)

Argued: April 4, 2003

Decided: July 24, 2003

Before WILKINS, Chief Judge, and TRAXLER and
GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**COUNSEL**

**ARGUED:** Marc Lanny Resnick, Washington, D.C., for Appellant Charles Mines; G. Arthur Robbins, CHESAPEAKE MERIDIAN, Annapolis, Maryland, for Appellant Sakiliba Mines. Sandra Wilkinson, Assistant United States Attorney, Greenbelt, Maryland, for Appellee. **ON BRIEF:** Thomas M. DiBiagio, United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Appellants Charles and Sakiliba Mines were convicted of multiple tax offenses. They now contend that their convictions should be reversed based on the improper admission of prejudicial evidence. Sakiliba also asserts that the district court erred in determining her sentence. We affirm.

I.

The indictment against the Mineses alleged that Sakiliba committed ten counts of health care fraud, that Charles filed a false tax return for the 1997 tax year, and that both Mineses willfully failed to file returns for the 1994, 1995, 1996, and 1998 tax years. Sakiliba was acquitted on all counts of health care fraud; therefore, no issues relating to those charges are presented here.

With respect to the tax charges, the evidence at trial showed that Sakiliba was a family practice doctor who served as medical director of—and apparently the only physician employed by—Dupont Medical Associates (DMA). Charles was the chief executive officer of DMA and its sole shareholder. Charles also operated a sole propri-

etorship called "Alert"; the functions of this business are not clear from the record.

During the four tax years listed in the indictment, neither the Mineses nor DMA filed any tax returns. The Mineses filed a return for the 1997 tax year, but it did not list any of Charles' income from Alert. Sakiliba claimed that she was not aware of these derelictions, as she entrusted all financial matters to Charles. For his part, Charles maintained that, in the years when he did not file tax returns, he always meant to do so but he experienced difficulty getting competent accounting assistance.

## II.

The Government's case against the Mineses included evidence that did not directly support the charges against them but which was ostensibly relevant to show knowledge and intent. In their sole challenge to their convictions, the Mineses claim that the district court should have excluded this material under Federal Rules of Evidence 403 and 404(b). We review this claim for abuse of discretion. *See United States v. Mohr*, 318 F.3d 613, 618 (4th Cir. 2003); *United States v. Myers*, 280 F.3d 407, 413 (4th Cir.), *cert. denied*, 123 S. Ct. 53 (2002).

The Mineses challenge three items of evidence. First, Sakiliba's former employer, Dr. Hector Collison, recounted that Sakiliba received co-payments directly from patients and asked for her salary checks to be made payable to Alert. Second, another witness testified that Sakiliba had obtained a student loan from the government during medical school; after several fruitless attempts to collect on the loan, the government forgave the debt and issued a Form 1099 showing the forgiveness of the debt as income to Sakiliba. Third, the Government introduced into evidence lists of expenditures by the Mineses from 1992 through 1998.*

---

*Charles also asserts that the district court erred in admitting evidence that Sakiliba performed unnecessary medical tests. We will not review this claim, however, as Charles' brief does not indicate where the allegedly objectionable evidence appears in the record. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 241 n.6 (4th Cir. 1999).

Most of this evidence assisted the Government in proving that the Mineses knowingly received income during the years in which they did not file tax returns. Doctor Collison's testimony did not relate directly to the charges at issue here, as Sakiliba did not work for him during the years described in the indictment, but the Mineses' failure to file returns during that pre-indictment period reflected a pattern of avoiding tax obligations. Also, the testimony that the Mineses asked Dr. Collison to make Sakiliba's checks payable to Alert was relevant to show a pattern of using Alert to hide income, which was the basis of the tax fraud charge against Charles. Accordingly, the district court did not abuse its discretion in ruling that this evidence was relevant.

Neither did the court abuse its discretion in weighing the prejudicial effect of the evidence. On the contrary, the record demonstrates that the court carefully examined all of the evidence in question, excluded inflammatory material, and took steps to minimize unfair prejudice from the evidence that was allowed. For example, the Government's lists of the Mineses' expenditures originally included only luxury purchases, but the district court directed the Government to expand the lists in order to avoid a lopsided depiction of the Mineses' lifestyle. The court also instructed the jury not to use this evidence as proof of "criminal personality or bad character." Trial Tr., Nov. 26, 2001, at 103. We commend the court for its diligence, and we uphold its admission of the evidence challenged by the Mineses.

III.

At sentencing, the district court determined that Sakiliba's conduct resulted in a tax loss amounting to $290,069. Sakiliba claims that this computation improperly included income attributable to Charles and DMA. We disagree.

Ordinarily, the base offense level in tax cases is determined by calculating the tax loss associated with the offense. *See U.S. Sentencing Guidelines Manual* § 2T1.1(a)(1) (1998). "If the offense involved failure to file a tax return, the tax loss is the amount of tax that the taxpayer owed and did not pay." *Id.* § 2T1.1(c)(2). This figure must take into account "all conduct violating the tax laws" that is "part of the same course of conduct or common scheme or plan." *Id.* § 2T1.1, comment. (n.2).

Here, the district court found that Sakiliba's failure to file tax returns was part of an "overall scheme" by both Mineses to avoid paying taxes on their own income and income earned by DMA. J.A. 798. In light of this finding, the district court properly concluded that Sakiliba's relevant conduct caused tax losses involving all the income earned by her, her husband, and their corporation. *See* U.S.S.G. § 1B1.3(a)(1)(B) (providing that relevant conduct includes "all reasonably foreseeable acts and omissions of others in furtherance of . . . jointly undertaken criminal activity"); *see also United States v. Bishop*, 291 F.3d 1100, 1115 (9th Cir. 2002) ("Tax loss is determined from the reasonably foreseeable conduct of all co-actors, not just the defendant's own conduct."), *cert. denied*, 123 S. Ct. 1002 (2003); *United States v. Charroux*, 3 F.3d 827, 838 & n.24 (5th Cir. 1993) (upholding attribution to all co-defendants of each co-defendant's unpaid tax debt). Accordingly, the district court did not err in calculating the tax loss attributable to Sakiliba.

IV.

For the foregoing reasons, we affirm the judgments against Charles and Sakiliba Mines.

*AFFIRMED*